# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE DETENTION AND SEIZURE OF IPHONE AND DOCUMENTS, | Case No. 1:17-mc-00019-SKO<br><br>**ORDER DIRECTING THE PARTIES TO BE PREPARED TO ADDRESS CERTAIN ISSUES AT THE MAY 31, 2017 HEARING** |

Before the Court is the movant's Motion to Return Property (the "Motion"). (Doc. 1.) The Court hereby notifies the parties that it shall proceed with the hearing regarding this Motion scheduled for Wednesday, May 31, 2017, at 9:30 a.m.

The Court also notes that the parties omitted necessary information from the materials they submitted regarding the Motion. First, Federal Rule of Criminal Procedure 41(g) states, in relevant part, that "[t]he motion must be filed in the district where the property was seized." However, the parties have not addressed in their briefing whether this Court is the proper venue for the Motion—namely, whether the property was seized in this District.

Second, the Ninth Circuit has repeatedly stated that the Court must consider four specified factors prior to reaching the merits of a motion under Rule 41(g) to determine whether the Court should exercise its equitable jurisdiction to rule on such a motion. *See, e.g.*, *Ramsden v. United States*, 2 F.3d 322, 324–25 (1993). Specifically, the Court must address the following factors when determining whether to exercise jurisdiction over a Rule 41(g) motion:

(1) "whether the Government displayed a callous disregard for the constitutional rights of the movant,"

(2) "whether the movant has an individual interest in and need for the property he wants returned,"

(3) "whether the movant would be irreparably injured by denying return of the property," and

(4) "whether the movant has an adequate remedy at law for the redress of his grievance." *Id.* at 325 (citation omitted).

The Court notes that the parties have not addressed these factors in their briefing.

Third, Rule 41(g) also states, in pertinent part, that "[t]he court must receive evidence on any factual issue necessary to decide the motion." The Court notes that, while the parties made certain contested assertions in their briefing, they have not provided sufficient evidence for the Court to rule on the Motion.

The Court finds that it requires additional information regarding each of these three issues before it can reach a determination regarding the Motion. Accordingly, the Court ORDERS the parties to be prepared at the May 31, 2017 hearing to (1) address whether this Court is the proper venue to rule on the Motion; (2) address the four factors the Court must consider when determining whether to exercise equitable jurisdiction over the Motion, *see, e.g.*, *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173–74 (9th Cir. 2010); *Ramsden*, 2 F.3d at 325; and (3) present testimonial evidence regarding both the four jurisdictional factors *and* the merits of the Motion—on the latter issue, examples of such evidence include testimony regarding the existence of criminal investigations or proceedings against the movant, as well as evidence pertaining to the seizure of the materials that are the subject of the Motion.

IT IS SO ORDERED.

Dated: __**May 24, 2017**__            /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE